Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| LYDIA VALENTIN SÁNCHEZ  **APELANTE**  RAMÓN E. VÉLEZ CASTRO  **APELADA**  EX PARTE | KLAN202400212 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas  Caso Núm.: E DI2017-0115 (SALÓN 0504)  Sobre: DIVORCIO CONSENTIMIENTO MUTUO |
|---|---|---|

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de abril de 2024.

La apelante, Lydia Y. Valentín Sánchez, solicita que revoquemos la Resolución de alimentos en la que el Tribunal de Primera Instancia le ordenó el pago de honorarios por temeridad y declaró No Ha Lugar su solicitud de desacato contra el alimentante.

El apelado, Ramón E. Vélez Castro, presentó su oposición al recurso.

Con la comparecencia de ambas partes, procedemos a resolver.

**I**

Los hechos precedentes a la controversia que nos ocupa son los siguientes.

Las partes estuvieron casadas. Durante su matrimonio procrearon dos hijos que son menores de edad. El 17 de febrero de 2017, el TPI dictó sentencia de divorcio por consentimiento mutuo. La sentencia incluyó la pensión alimentaria estipulada por las

partes de doscientos sesenta y cinco dólares ($265.00) mensuales mediante pago directo, el cincuenta por ciento (50%) de los gastos de matrícula y escolares y del plan médico. Véase, pág. 33 del apéndice.

Durante el mes de abril del año 2021, la madre presentó una *Moción asumiendo representación legal en solicitud de desacato y revisión de pensión alimentaria*, en la que alegó que el padre incumplió con el pago de las mensualidades del colegio. La señora Valentín reclamó la existencia de una deuda desde el año escolar 2017 al mes de abril del año 2021. Por último, pidió revisión de la pensión alimentaria, que tenía cuatro años de establecida. Véase, pág. 55 del apéndice.

El 16 de noviembre de 2022, el TPI ordenó al padre el pago de una pensión alimentaria quincenal de $473.00 pagada de forma directa a la madre y efectiva el 18 de agosto de 2021.

El 10 de febrero de 2023, la madre presentó *Moción informativa en solicitud de orden y en solicitud de desacato,* en la que alegó que el padre adeudaba $10,298.14 de pensión alimentaria y $11,710.69 por los gastos escolares desde el primer semestre de 2016 al último semestre de 2021. La señora Valentín argumentó que el padre no pagaba su parte de las mensualidades del colegio y que solo aportaba a los gastos de matrícula. Véase, págs. 121-124 del apéndice.

El TPI refirió el caso a la Examinadora de Pensiones Alimentarias. Véase, pág. 127 del apéndice.

El 25 de abril de 2023, el TPI realizó una vista de desacato. La madre ni su abogado comparecieron. El padre alegó que se comprometió únicamente al pago de matrícula, libros y uniformes como parte de los gastos escolares, porque la madre era quien tenía mayores ingresos. El TPI determinó que el acuerdo de alimentos no se detalló en la petición ni en la sentencia de divorcio.

El foro primario ordenó a las partes a solicitar la regrabación de la vista de divorcio para determinar a qué se referían por gastos escolares. Además, les concedió un término posterior para expresarse y señaló una vista transaccional para el 12 de julio de 2023. El tribunal les advirtió que de verse obligado a realizar una vista evidenciaria impondría una sanción de cinco mil dólares ($5,000.00) a la parte perdidosa. Véase, págs. 131-132 del apéndice.

La madre presentó una *Moción informativa y en cumplimiento de orden,* en la que informó que escuchó la regrabación y que se reafirmaba en que la pensión de $265.00 mensuales, solo incluyó las necesidades básicas de los menores y que ambos padres se responsabilizaron del pago del 50% de todos los gastos escolares. Según la señora Valentín, los gastos escolares incluyen el pago de matrícula, libros, uniformes, materiales escolares y las mensualidades del colegio. Finalmente, mantuvo su reclamo de la existencia de una deuda de $11,710.69. Véase, págs. 135-138 del apéndice.

El TPI realizó una vista evidenciaria. Luego de ver y escuchar la prueba, determinó los hechos siguientes. Las partes acordaron en la demanda de divorcio por consentimiento mutuo una pensión alimentaria de $265.00 mensuales, mediante depósito directo. El 16 de febrero de 2017, el tribunal acogió los acuerdos de las partes y estableció una pensión alimentaria de $265.00 mensuales mediante depósito directo, el pago del 50% de los gastos escolares y del plan médico. Al momento del divorcio, el padre tenía un ingreso mensual de $1,214.83 y la madre de $1,833.54. El padre adeudaba: (1) un préstamo de $124.00 mensuales a AEELA, (2) un préstamo de auto de $378.00 mensuales y (3) $265.00 de pensión alimentaria. Las deudas del padre ascendían a $767.00. Su ingreso neto, al momento del divorcio, era de $712.83 mensuales,

sin el descuento de la pensión alimentaria. Luego de descontar la pensión, su ingreso neto mensual se redujo a $447.83. El foro primario concluyó que la pensión recomendada por las guías era de $146.00 mensuales, conforme al ingreso neto, ajustada la reserva y sin incluir los gastos escolares. No obstante, advirtió que la pensión establecida por las guías era de $267.00 mensuales, sin el ajuste de reserva y resolvió que era muy parecida a la establecida de $265.00 mensuales.

El foro primario no dio validez a que la pensión establecida en la sentencia de divorcio incluyó el pago de las mensualidades del colegio porque: (1) durante el divorcio, la madre estuvo representada por un abogado, (2) en la solicitud de divorcio por consentimiento mutuo se omitió la palabra mensualidad, (3) el tribunal advirtió a la madre que la pensión estaba por debajo de la establecida en las guías, (4) la cuantía de la mensualidad del colegio tampoco fue mencionada en la sentencia de divorcio, (5) ambas partes complementaron de forma diferente los apartados de gastos educativos de la PIPE, (6) el padre utilizó porcientos y la madre dio cuantías específicas, (7) ambas partes dejaron en blanco la mensualidad del colegio en la PIPE, (8) el padre cedió a la madre su participación completa en el inmueble que constituyó el hogar conyugal, (9) la madre no pidió reconsideración o una enmienda a la sentencia de divorcio, (10) no es hasta el año 2021 que presenta una solicitud de desacato y de pensión alimentaria y, alega por primera vez, que el padre incumplió con el pago de las mensualidades del colegio, (11) la cuenta del colegio estaba a nombre de la madre, (12) durante la vista no se presentaron todos los recibos de los gastos asumidos por la madre, ni los asumidos por el padre y sus familiares y (13) solo se evidenciaron ciertos gastos de los menores.

El TPI concluyó de las propias alegaciones de la madre, que las mensualidades del colegio, no se incluyeron en la pensión establecida en la sentencia de divorcio, debido a la situación económica del padre, en ese momento. No obstante, advirtió que el 15 de noviembre de 2022 se estableció una pensión de $473.00 quincenales, en la que incluyó el pago de las mensualidades del colegio. Así, el foro *a quo* denegó la solicitud de desacato contra el padre, por no pagar las mensualidades del colegio. Sin embargo, ordenó a la madre el pago de $5,000.00 de honorarios por su temeridad en insistir en un reclamo, aunque los hechos y el derecho no le asistían y por rechazar las ofertas de la representación legal del padre. El tribunal pidió a ambas partes una tabla conjunta de las partidas de la deuda en controversia y señaló vista de desacato contra el padre. El apelado fue advertido de que para esa fecha tenía que haber cumplido con el 30% de la deuda y que se impondrían honorarios por temeridad en su contra, si se negaba a pagar una deuda correctamente reclamada. Véase, págs. 2-7 del apéndice.

La apelante pidió reconsideración, porque alegó que las determinaciones de hecho no responden a la realidad de la prueba. La madre argumentó que la imposición de honorarios por insistir en su reclamo y rechazar las ofertas era contrario al ordenamiento jurídico. Además, adujo que el padre era quien había sido temerario, porque no había pagado la deuda retroactiva. Véase, págs. 8-17 del apéndice. El padre presentó su oposición a la reconsideración. Véase, págs. 19-28 del apéndice.

El TPI declaró NO HA LUGAR, la moción de reconsideración. Véase, pág. 30 del apéndice.

Inconforme, la madre presentó este recurso en el que alega que:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA EN ESTABLECER QUE EL CINCUENTA POR CIENTO (50%) DE GASTOS ESCOLARES NO INCLUÍAN LOS GASTOS POR MENSUALIDADES DEL COLEGIO DE LOS MENORES.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA EN IMPONER HONORARIOS DE $5,000.00 A LA SEÑORA VALENTÍN POR RESULTAR SER LA PARTE PERDIDOSA E INSISTIR EN UN RECLAMO DONDE LOS HECHOS Y EL DERECHO NO LA SOSTENÍAN, NEGÁNDOSE A LAS OFERTAS REALIZADAS POR LA REPRESENTACIÓN LEGAL DEL SEÑOR VÉLEZ, LO CUAL REPRESENTA UNA CONDUCTA TEMERARIA Y OBSTINADA.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA EN NO IMPONER HONORARIOS A FAVOR DE LA SEÑORA VALENTÍN CONFORME LO ESTABLECE NUESTRO ORDENAMIENTO JURÍDICO EN LOS CASOS DE ALIMENTOS.

## II

### A. Transcripción de la prueba

El promovente de un recurso que cuestiona la apreciación o suficiencia de la prueba tiene que ubicar al foro revisor en tiempo y espacio sobre lo que ocurrió en el foro primario. Su obligación es presentar al foro revisor la prueba oral con la que pretende impugnar las determinaciones de hecho del Tribunal de Primera Instancia. Los tribunales de mayor jerarquía no pueden cumplir a cabalidad su función revisora, sin que se le produzca la prueba que tuvo ante sí el foro primario. El Tribunal Supremo de Puerto Rico ha expresado reiteradamente que las disposiciones reglamentarias que gobiernan los recursos apelativos deben observarse rigurosamente. Los abogados están obligados a cumplir con fidelidad el trámite prescrito en las leyes y en los reglamentos que regulan el perfeccionamiento de los recursos. A los abogados no se le reconoce potestad para decidir qué disposiciones reglamentarias aplicar y cuándo pueden hacerlo. *Pueblo v. Pérez Delgado,* 211 DPR 654, 671-672 (2023).

Nuestro ordenamiento jurídico provee como mecanismos para recopilar la prueba oral: (1) la transcripción de la prueba, (2)

exposición estipulada y (3) exposición narrativa. La Regla 76 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 76, regula la transcripción de la prueba oral en los recursos de apelación y certiorari. Por su parte, la Regla 76.1, *supra,* establece los requisitos de fondo y forma de la exposición estipulada y la exposición narrativa. De otra parte, en la Regla 19, *supra,* se establece que el apelante que señala un error sobre la suficiencia de la prueba testifical o que alega que el TPI hizo una apreciación errónea, tiene que someter una transcripción o una exposición narrativa de la prueba. *Pueblo v. Pérez Delgado,* supra, págs. 672-673.

Las determinaciones del foro primario tienen una presunción de corrección. La parte que las impugna está obligada a colocar al tribunal revisor en posición de atender correctamente sus planteamientos sobre la apreciación de la prueba y credibilidad de la prueba oral. *Pueblo v. Pérez Delgado,* supra, pág. 674*.*

### B. Alimentos de menores

El derecho de los menores a recibir alimentos es fundamental, porque emana del derecho a la vida. Los casos de alimentos están revestidos del más alto interés público, porque su objetivo principal es garantizar el bienestar del menor. El derecho a alimentos incluye todo lo indispensable para el sustento del menor como es proveerle habitación, vestido, asistencia médica y educación de acuerdo con la posición social familiar. La obligación de alimentar al menor es inherentemente a la maternidad y a la paternidad desde el momento en que existe la relación filial. Esta obligación es personal, por lo que cada uno de los padres debe satisfacerla de su propio peculio y de forma proporcional a sus recursos y a la necesidad del menor. Los derechos de la patria potestad facultan a la persona custodia a reclamar el pago de las pensiones a nombre de sus hijos. No obstante, el menor es el

acreedor de la pensión alimentaria que finalmente se otorgue. *Díaz Rodríguez v. García Neris,* 208 DPR 706, 117-120 (2022).

Los tribunales no están obligados a aceptar las estipulaciones establecidas en los acuerdos de divorcio por consentimiento mutuo, porque deben cerciorarse de que no son producto de la irreflexión o de coacción. El examen de las estipulaciones cobra mayor importancia cuando se relacionan con la pensión de un menor. Los tribunales deben asegurarse de que el convenio de alimentos no es dañino para el menor y que satisfacen adecuadamente sus necesidades. Igualmente están obligados a cerciorarse de que el alimentante tiene medios económicos suficientes para cumplir. *Díaz Rodríguez v. García Neris,* supra, pág. 722.

### C. Honorarios de abogado por temeridad

La Regla 44.1(d) autoriza a los tribunales a imponer honorarios de abogado a la parte que actúa con temeridad o frivolidad. Los tribunales impondrán la cantidad que entienda corresponde a dicha conducta. Los honorarios por temeridad pretenden disuadir la litigación frívola, compensar en lo posible los gastos incurridos por la parte que no ha sido temeraria y fomentar las transacciones de los pleitos. El concepto de temeridad no está definido expresamente en las Reglas de Procedimiento Civil. No obstante, el Tribunal Supremo de Puerto Rico ha reconocido la amplitud del concepto de temeridad que se manifiesta cuando las actuaciones de un litigante: (1) ocasionan un pleito que pudo evitarse, (2) provocan la prolongación indebida del trámite judicial o (3) obliguen a la otra parte a incurrir en gastos innecesarios para hacer valer sus derechos. Un litigante perdidoso actúa con temeridad, cuando por su terquedad, testarudez, obstinación, contumacia, empecinamiento, impertinencia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte a

asumir innecesariamente las molestias, los gastos e inconvenientes de un pleito. La facultad de imponer honorarios de abogado es la mejor arma de los tribunales para: (1) gestionar eficientemente los procedimientos judiciales y el tiempo de la administración de la justicia y (2) proteger a los litigantes de dilaciones y gastos innecesarios. La sanción por temeridad establecida en la Regla 44 de Procedimiento Civil, 32 LPRA Ap. V, es un mecanismo poderoso para garantizar una solución justa, rápida y económica de todo procedimiento. La temeridad es contraria a los principios de eficiencia en la administración de la justicia y el buen funcionamiento de los tribunales. *SLG González-Figueroa v. SLG et al.,* 209 DPR 138, 145-149 (2022).

No obstante, el Tribunal Supremo de Puerto Rico ha reconocido que no es temerario quien plantea asuntos complejos y novedosos sobre los que no existen precedentes vinculantes. Igualmente, ha expresado que tampoco existe temeridad cuando hay alguna desavenencia honesta en cuanto al derecho aplicable a los hechos del caso. Por el contrario, ha advertido que es claramente temerario quien: (1) insiste contumazmente en alegar algo, sin prueba fehaciente que lo apoye, (2) niega los hechos que le constan o son de fácil corroboración y (3) dilata los procedimientos judiciales para no responder por sus obligaciones. La imposición de honorarios de abogados por temeridad descansa en la sana discreción judicial. Cuando el foro primario encuentra a una parte temeraria, la sanción solo será variada en apelación, si se demuestra que abusó de su discreción. *SLG González-Figueroa v. SLG et al.,* supra, pág. 149.

**III**

El primer señalamiento de error está relacionado a la apreciación de la prueba y adjudicación de credibilidad del foro primario. La apelante alega que el padre se obligó al pago de las

mensualidades del colegio y que la sentencia de divorcio establece que ambos asumieron el 50% de los gastos escolares.

El apelado aduce que su condición económica para la fecha del divorcio no le permitía pagar las mensualidades del colegio y que la madre lo aceptó y consintió en una pensión alimentaria de $265.00, a cambio de convertirse en la dueña del 100% del hogar conyugal. Según el padre, el hecho de la madre de omitir las mensualidades del colegio en la PIPE y la tardanza en hacer el reclamo evidencian que esa partida no fue parte de la pensión.

El foro primario atendió y resolvió la controversia en una vista evidenciaria, en la que vio la prueba y escuchó los testimonios presentados por ambas partes. La decisión apelada está basada en su apreciación de la prueba y adjudicación de credibilidad. La apelante, no nos ha ubicado en tiempo y espacio para que podamos ejercer adecuadamente nuestra función, porque no ha presentado una transcripción de la vista evidenciaria o una exposición narrativa. Sin esa evidencia es imposible que podamos evaluar la adjudicación de credibilidad que hizo el TPI. El texto de la Regla 19 de Reglamento del Tribunal de Apelaciones, *supra,* es claro. La parte que alegue un error de suficiencia en la apreciación de la prueba tiene que someter una transcripción o una exposición narrativa. La apelante incumplió con la regla citada. Por esa razón, no tenemos forma de evaluar la prueba en que se fundamenta la decisión apelada. La ausencia de una transcripción o exposición narrativa nos impide intervenir con la decisión del foro primario y nos obliga a honrar la presunción de corrección que cobija a sus decisiones.

La apelante cuestiona en el segundo señalamiento de error, la imposición en su contra de $5,000.00 de honorarios por temeridad. El apelado sostiene que la apelante fue temeraria

porque insistió en litigar un asunto sobre el cual sabía que no tenía razón y por negarse a un acuerdo transaccional.

El foro primario abusó de su discreción al ordenar a la progenitora custodia y con patria potestad el pago de honorarios por reclamar alimentos para sus hijos menores de edad. La acción presentada por la madre no es para su beneficio personal. La apelante comparece para representar a los menores en su reclamo de alimentos. Los tribunales no podemos olvidar que el derecho de alimentos está revestido de un alto interés público que emana del derecho a la vida misma. Nuestra función no es imponer limitaciones al ejercicio de un derecho de tan alto interés público. El llamado es a garantizar ese derecho libremente. Los tribunales no podemos utilizar los honorarios por temeridad como un mecanismo para forzar a las partes a realizar acuerdos y transacciones sobre el pago de la pensión alimentaria y para evitar tener que realizar una vista evidenciaria. Tal actuación atenta contra el debido proceso de ley y el mejor bienestar del menor, porque da lugar a acuerdos y transacciones en los que la pensión alimentaria no sea la más justa y equitativa.

Por último, la apelante cuestiona en el tercer señalamiento de error que el TPI no impuso honorarios por temeridad contra el apelado. La apelante fundamenta su reclamo en el incumplimiento reiterado del apelado con el pago de la pensión alimentaria.

El tercer señalamiento de error no se cometió. El TPI informó que atendería la procedencia de honorarios contra el alimentante, durante la vista de desacato pautada para el 30 de enero de 2024. Fue advertido que para esa fecha debía haber cumplido con el 30% de la deuda y que su insistencia en no pagar una deuda correctamente reclamada conllevaría la imposición de honorarios por temeridad en su contra.

**IV**

Por todo lo antes expuesto, se modifica la determinación apelada únicamente para dejar sin efecto la imposición de honorarios por temeridad contra la apelante. El resto de la determinación se confirma.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones